**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 20 2011 ★

LONG ISLAND OFFICE

# UNITES STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

| | | |
|---|---|---|
| **Edward Haeffer individually and on behalf of all others similarly situated** | **Plaintiffs** | Docket No. **CV 11 6165** |
| -against- | | |
| **NCO Financial Systems, Inc.** | **Defendants** | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

**BIANCO, J.**
BROWN, M.J.

-------------------------------------------------

## I. CLASS ACTION COMPLAINT

Plaintiff, Edward Haeffer, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FDCPA"), for a declaration that scripted telephone messages that the Defendant uses to collect consumer debts violates the FDCPA, and to recover damages by reason of Defendant's violations of the Fair Debt Collections Practices Act, (15 USC 1692 et seq). (hereinafter FDCPA), and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

2. Plaintiff is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed to

3. Defendant NCO Financial Systems, Inc. (NCO) is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes, and no part of the debt was incurred for a business purpose.

## IV. FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

8. The person who uses the name Joseph Lane was an employee or an agent of the Defendant within the year preceding the filing of this action.

8. Within one year preceding the date of the filing of the complaint in this action, Joseph Lane, on behalf of the Defendant placed telephone calls to the Plaintiff and left a messages on the voice mail of the Plaintiff's.

9. Joseph Lane, on behalf of the Defendant left several messages on the Plaintiff's telephone answering machine.

10. None of the messages left by Joseph Lane on behalf of the Defendant gave the notices required by 15 USC 1692e(11).

11. Joseph Lane on behalf of the defendant left the following messages on the Plaintiff's voice mail with the one year preceding this action

*-- Eddie Haeffer, this is Joe Lane at NCO file GL8351. Call my office at 888- 999 0468.*

*-- Eddie Haeffer this is Joseph Lane NCO. File GL8351. 27 New Mill Road, Smithtown, New York 11787. Matter will be filed and will be forwarded...Suffolk County... execution. File GL8351. Call Joseph Lane at 1800- 227-4000 extension 4409. Anything in that?*

*--Eddie Haeffer of 7 New Mill Road Smithtown, New York 11787. This is Joseph Lane. This matter is going to be executed, Suffolk on Thursday which is the 31rst of March 2011. You have until then to return the call to Joseph Lane, file GL8351. Call Joseph Lane at NCO 1800-227-4000, extension 4409.*

*-- Hi. Eddie Haeffer. This is Joseph Lane at NCO Group. This matter is being executed. Failure to respond will result in the company considering this a direct refusal. We will then take the necessary steps in order to resolve this matter. Contact my office back at 1888-899-0468 extension 4452. Alternative number is1800—227-4000. Extension is 4409. Thank you.*

*-- Eddie Haeffer. This is Joe Lane. File number GL 8351, GL 8351. Call Joe Lane at NCO. Contact my office back at 1888-899-0468 extension 4452. This matter is being finalized here in Buffalo, New York, and executed. File number GL8351. Failure to respond will result in the company considering this a direct refusal. We will then take the*

*necessary steps in order to resolve this matter. Contact Joe Lane at NCO at 1888-899-0468. Extension 4452.*

*-- Message is meant solely for Eddie Haeffer. Eddie Haeffer, this is Joseph Lane. This matter is being finalized in Buffalo New York and executed. Failure to respond to this message will result in the company considering this a direct refusal. Presented. we will then take the necessary steps in order to resolve this matter. Contact Joe Lane at NCO. 188-899-0468. Extension 4452.*

*-- This message meant solely for Eddie Haeffer. Eddie Haeffer, this is Joe Lane, NCO. This matter is being executed in Buffalo New York. Failure to respond to this message will result in the company considering this a direct refusal. We will then take the necessary steps in order to resolve this matter. Have Amanda or yourself return the call to Joseph Lane, NCO. File GL8351. Call 1800-227-4000, extension 4409. Alternative number 1-888-899-0468. Extension 4452*

12. The message left by the Defendant on Plaintiff's voice mail were deceptive and harassing in that the messages attempted to deceptively induce the Plaintiff into returning the call.

13. The messages left by Defendant for Plaintiff were per se deceptive pursuant to 15 USC 1692e(11).

14. The Plaintiff listened to the message left by the Defendant.

15. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages were materially identical to automated prerecorded messages left for the Plaintiff, in that the scripted messages failed to provide the notices required by 15 USC 1692e(11).

## V. VIOLATIONS OF THE FDCPA

16. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692 e(10); and 15 USC 1692e(11).

## VI. CLASS ALLEGATIONS

17. Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whom Joseph Lane, on behalf of the defendant placed a telephone call and left a message substantially similar or materially identical to those left by Defendant on Plaintiff's voice mail as identified above during the one year period immediately preceding the filing of this action.

18. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

   (A) The members of the class are so numerous that joinder of all members is impractical.

   (B) There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

   (C) The only individual issue is the identification of the consumers who received the calls (*i.e.*, the Class members), a matter capable of ministerial determination from the Defendant's records.

   (D) The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

   (E) Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

19. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

20. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

21. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

22. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

(A) Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

(B) Statutory damages as provided by §1692k of the FDCPA;

(C) Attorney's fees, litigation expenses and costs incurred in bringing this action;

(D) Any other relief this Court deems appropriate and just under the circumstances.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

**Dated:** West Islip, NY
December 16, 2011

Respectfully submitted,

_____
Joseph Mauro (JM: 8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921